United States District Court
Southern District of Texas
**ENTERED**
September 03, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LUIS M. PEREYO GONZALEZ, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-26-7327 |
| | § | |
| RANDY TATE,[1] | § | |
| | § | |
| Respondent. | | |

**ORDER GRANTING MOTION FOR VOLUNTARY DISMISSAL**

The petitioner, Luis M. Pereyo Gonzalez, filed a petition for a writ of habeas corpus to challenge his detention by United States immigration authorities. He now moves to voluntarily dismiss his petition.

Motions for voluntary dismissal should be freely granted unless the non-moving party will suffer prejudice other than the prospect of a second lawsuit. Elbaor v. Tripath Imaging, Inc., 279 F.3d 314, 318 (5th Cir. 2002) (citing Manshack v. Southwestern Elec. Power Co., 915 F.2d 172, 174 (5th Cir. 1990)). No prejudice to the respondent is apparent.

---

[1] The Warden is substituted as the sole respondent in place of the other listed respondents because he is the petitioner's immediate custodian as the warden of the Montgomery Processing Center. See Rumsfeld v. Padilla, 124 S. Ct. 2711, 2720 (2004) ("In challenges to present physical confinement, we reaffirm that the immediate custodian, not a supervisory official who exercises legal control, is the proper respondent."); see also 28 U.S.C. § 2243 ("The writ, or order to show cause shall be directed to the person having custody of the person detained.").

Accordingly, the motion (Docket Entry No. 4) is **GRANTED**, and this case is **DISMISSED WITHOUT PREJUDICE**.

The Clerk shall provide a copy of this Order to the parties.

**SIGNED** at Houston, Texas, on this 3rd day of September, 2026.

SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE